UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GREGORY HILL,                                         Case No. 1:05cv488
    Plaintiff

vs

HONORABLE JUDGE NIEHAUS, et al.,         **ORDER**
    Defendants                                     (Beckwith, J.)

       Plaintiff, a pretrial detainee at the Queensgate Correctional Center in Cincinnati, Ohio, brings this prisoner civil rights action under 42 U.S.C. § 1983. Defendants are Judge Niehaus of the Hamilton County, Ohio Court of Common Pleas, Gary Goldman, Esq., and Perry Ancona, Esq. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

       A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199.

       Congress has also authorized the dismissal of complaints which fail to state a claim upon

which relief may be granted or which seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b)(1-2). A complaint fails to state a claim for relief "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

Plaintiff is a criminal defendant in a case pending before defendant Judge Niehaus. Attorney Goldman was initially appointed to represent plaintiff in the state court matter. Thereafter, the appointment of Mr. Goldman was withdrawn and Mr. Ancona was appointed as counsel for plaintiff. Plaintiff alleges that defendants have "attempted and are still attempting to intimidate and belittle Gregory Hill, and interfere with my Constitutional right to counsel guaranteed by the Constitution of the United States amendment VI." (Complaint at 2). Plaintiff alleges that defendants "engaged in a conspiracy with the purpose to deprive plaintiff of a fair and impartial trial by attempting to force plaintiff to represent himself during open court." *Id*. at 3. Plaintiff states that Judge Niehaus "has not been diligent and impartial" in his case. Plaintiff has filed an affidavit to disqualify Judge Niehaus in the Court of Common Pleas, as well as a complaint with the Ohio Supreme Court's Disciplinary Counsel. Plaintiff has also filed a motion with the State court requesting Mr. Ancona be removed as counsel from his case. Plaintiff seeks an injunction prohibiting Judge Niehaus from presiding over his criminal case and "a change of venue in order to receive a fair and impartial trial." *Id*. at 6.

Plaintiff's federal court complaint must be dismissed because this Court is precluded from adjudicating plaintiff's claims under the abstention doctrine formulated in *Younger v. Harris,* 401 U.S. 37 (1971). Absent extraordinary circumstances, federal courts may not interfere with pending state criminal proceedings in order to entertain constitutional challenges to the state proceedings. *Id*. Under *Younger*, the federal court must abstain where "[1] state proceedings are

pending; [2] the state proceedings involve an important state interest; and [3] the state proceeding will afford the plaintiff an adequate opportunity to raise his constitutional claims." *Kelm v. Hyatt,* 44 F.3d 415, 419 (6th Cir. 1995), citing *Nilsson v. Ruppert, Bronson & Chicarelli Co.,* 888 F.2d 452, 454 (6th Cir. 1989). *See also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 11 (1987); *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 603-05 (1975). Extraordinary circumstances barring abstention include "great and immediate" irreparable injury, state law that is "flagrantly and patently violative of express constitutional prohibitions," or "bad faith, harassment, or any other unusual circumstance that would call for equitable relief." *Younger,* 401 U.S. at 46, 53, 54. *See Fieger v. Thomas*, 74 F.3d 740, 750 (6th Cir. 1996).

All three factors supporting *Younger* abstention are present in this case. First, plaintiff's criminal case is currently pending in the Ohio Court of Common Pleas. Second, the criminal case implicates an important state interest as state criminal prosecutions have traditionally been considered an arena in which federal courts decline to interfere. *See Younger*, 401 U.S. at 43-45. Third, there is no evidence that the state criminal proceedings cannot provide an opportunity for plaintiff to raise his constitutional right to counsel claim. Regarding this factor, the federal court must presume that the state courts are able to protect the interests of a federal plaintiff. *Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995), citing *Pennzoil Co.*, 481 U.S. at 15. Therefore, abstention under *Younger* is appropriate.

Nor has plaintiff alleged facts showing the existence of extraordinary circumstances barring abstention. While plaintiff alleges Judge Niehaus lacks impartiality, plaintiff must offer "some evidence that abstention will jeopardize his due process right to an impartial adjudication." *Brooks v. New Hampshire Supreme Court*, 80 F.3d 633, 640 (1st Cir. 1996). There exists a "presumption of honesty and integrity in those serving as adjudicators." *Withrow v. Larkin*, 421

U.S. 35, 47 (1975). Here, plaintiff's conclusory allegations of bias and partiality fail to overcome this presumption. Plaintiff presents no facts or evidence showing Judge Niehaus's actions in the criminal case are motivated by bad faith or an intent to harass plaintiff. Thus, the complaint fails to establish the presence of extraordinary circumstances mitigating against the application of *Younger* abstention.

Moreover, plaintiff has no section 1983 claim against defendants Goldman and Ancona because defense attorneys are not state actors who may be liable under 42 U.S.C. § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981). To the extent plaintiff contends that his attorneys were acting under color of state law by virtue of their conspiratorial relationship with Judge Niehaus, his allegations regarding an overarching conspiracy are wholly conclusory. *See Kensu v. Haigh*, 87 F.3d 172, 175-76 (6th Cir. 1996).

Accordingly, plaintiff's complaint is **DISMISSED** on abstention grounds and, in the alternative, dismissed as to defendants Goldman and Ancona for failure to state a claim upon which relief may be granted.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**IT IS SO ORDERED.**


Date:  July 19, 2005                                s/Sandra S. Beckwith
                                                    Sandra S. Beckwith, Chief Judge
                                                    United States District Court